# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MARVELL WHISBY,<br><br>Defendant. | No. CR99-0046-MWB<br><br>**ORDER REGARDING SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)** |

This matter is before the court pursuant to the hearing held on March 19, 2008. At such hearing, the court deemed it appropriate to exercise its discretion and grant the defendant a reduction under 18 U.S.C. § 3582(c)(2) and USSG §1B1.10. The defendant's previously imposed 84 month term of imprisonment, as reflected in the judgment dated April 14, 2000, is reduced to time served plus two weeks to allow the United States Probation Office time to arrange proper placement.[1] The defendant's new term of imprisonment applies to count 2 of the indictment.[2] Further, immediately following release from imprisonment, the defendant must reside in a Residential Re-Entry Center for 120 days. This placement must be in the community corrections component with work release privileges. While a resident of the

---

[1] For purposes of the hearing and the instant order, the court relied on the following determinations:

| Previous Offense Level: | 26 | Amended Offense Level: | 24 |
|---|---|---|---|
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | 78 to 97 months | Amended Guideline Range: | 63 to 78 months |

The reduced sentence of time served is within the amended guideline range.

[2] Count 2 charged the defendant under 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 860.

Residential Re-Entry Center, the defendant must abide by all rules and regulations of the facility. The defendant must report to the Residential Re-Entry Center at a time and date to be determined by the Bureau of Prisons, the Residential Re-Entry Center and the United States Probation Office. In addition, the defendant must not commit another federal, state, or local crime; the defendant must not illegally possess a controlled substance; the defendant must not possess a firearm, ammunition, destructive device or any other dangerous weapon; and the defendant must cooperate in the collection of DNA. Except as provided above and as stated during the hearing, all provisions of the judgment dated April 14, 2000 remain in effect; the duration and other conditions of the defendant's supervised release remain unchanged.

The Clerk of Court is directed to send and fax a copy of this order to the Bureau of Prisons, that is, the place where the defendant is currently incarcerated. The Clerk of Court is also directed to send a copy of this order to the defendant, USM No. 08139-029.

**IT IS SO ORDERED.**

**DATED** this 20th day of March, 2008.

Michael J. Melloy
UNITED STATES CIRCUIT JUDGE
Sitting by Designation